PER CURIAM.
The Division of Corrections, State Parole and Probation Commission of the State of Florida, appeals from an order granting relief under a petition for writ of habeas corpus brought by appellee, Phillip Tamargo.
*423 On February 25, 1971, appellee had been sentenced to 5 years imprisonment. On February 1, 1974, he was released under “mandatory conditional release” pursuant to Fla.Stat. § 944.291 (1975). Appellee had accumulated 540 days of “statutory” gain time and 137 days of “extra” gain time. He was also given an additional 74 days of “terminal” gain time. At the time of his release appellee refused to sign a consent certificate or to verbally agree to the conditions of the mandatory conditional release. On May 5, 1975 he was arrested for a violation of the terms of his release.
In his petition for habeas corpus, appel-lee contended that Fla.Stat. § 944.291 (1973), which purported to give the Parole and Probation Commission control over him from the time of his release until the expiration of his sentence was inapplicable, unconstitutional, or illegal as it applied to him. This was because he had never consented to the release.
The circuit court found that appellant had not consented to his release as required by Fla.Stat. § 947.17 (1973). The court also concluded the mandatory conditional release provision was inherently wanting in fairness in that prisoners who had accumulated less than 180 days gain time were excluded. This resulted in model prisoners being supervised while those who had failed to accumulate 180 days gain time were released without supervision. Appellant was ordered to release ap-pellee at the expiration of his sentence, less statutory and extra gain time. Appellant was free to exercise its discretion in revoking the 74 days of terminal gain time.
We reverse. The reliance on the failure of appellee to consent to his release as a basis for refusing to permit revocation of more than the terminal gain time is based on the erroneous assumption that ap-pellee was on parole. Consent was required for a person to be placed on parole under § 947.17(1), Fla.Stat. (1973) ,[1] However, appellee was not on parole. Under Fla.Stat. § 944.291 (1973) a prisoner released early because of statutory gain time was to “be deemed as if released on parole” until the expiration of his sentence. Mandatory conditional release is clearly distinguishable from parole in that it is a matter of right. The Division of Corrections computes a prisoner’s gain time which is partially prescribed by statute and release is mandatory. Parole is at the discretion of the Parole and Probation Commission. See Birch v. Anderson, 1965, 123 U.S.App.D.C. 153, 358 F.2d 520, for a discussion of a similar federal statute.
Apparently the trial court did not actually find the exclusion of prisoners with less than 180 days gain time unconstitutional but merely declined to apply it to appellee due to its “inherent unfairness.” The exclusion in the federal statute, 18 U. S.C. § 4163, has been justified on the grounds that 180 days is insufficient time for any possible rehabilitation and any revocation of release at that time serves only to disrupt the “civilian” life of the releasee and embitter him. Birch v. Anderson, supra. There being a valid basis for the distinction, its “fairness” is a consideration for the legislature.[2]
Accordingly, the order appealed from is reversed.
McNULTY, C. J., and HOBSON and SCHEB, JJ., concur.

. The consent requirement has been abolished. Fla.Stat. § 947.17 (1975).

. Neither party noted that the exclusionary provision was revised effective July 1, 1974. The statute now requires supervision of re-leasees except those “who, at the time of sentence, could not have earned at least one hundred eighty (180) days’ gain time.” Fla.Stat. § 944.291(2) (1975) (Emphasis added).